UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Alek A. Hansen,
as Administrator of the Estate of
DEBRA ARBUCKLE,

    Plaintiff,

vs.

KALEB DAILEY,

    Defendant.

Case No. _____

# **COMPLAINT**

Alek A. Hansen, as Administrator of the Estate of Debra Arbuckle, deceased, alleges and states as follows:

1. This case arises out of the December 30, 2019 unjustifiable and wrongful shooting death of unarmed Debra Arbuckle at the hands of Sedgwick County, Kansas Sheriff's Deputy Kaleb Dailey.

2. Defendant intentionally deprived Debra Arbuckle of her right to be free from unreasonable searches and seizures guaranteed to her by the United States Constitution by shooting and killing her under circumstances where no reasonable officer would have done so.

3. Defendant's actions were reckless and callously indifferent to Ms. Arbuckle's federally protected rights.

4. Defendant violated clearly established law regarding the use of deadly force and is not entitled to qualified immunity for the actions complained of herein.

{00597330}

**Jurisdiction and Venue**

5. This civil action arises under 42 U.S.C. § 1983. This Court therefore has original jurisdiction under 28 U.S.C. § 1331.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**Parties**

7. Alek A. Hansen is an individual resident of Franklin County, Ohio.

8. Alek A. Hansen is the natural son and duly appointed Administrator of the Estate of Debra Arbuckle, who was a resident of Sedgwick County, Kansas until her death on December 30, 2019.

9. Debra Arbuckle's probate estate is pending in the District Court of Sedgwick County, Kansas, Case Number 2020-PR-000880.

10. Alek A. Hansen is the natural child of Debra Arbuckle.

11. Defendant Kaleb Dailey is, and was at all relevant times herein, a Deputy in the Sedgwick County, Kansas Sheriff's Office.

12. Defendant Kaleb Dailey is sued in his individual capacity.

13. In doing the acts and/or omissions alleged herein, Defendant Kaleb Dailey acted under the color of state law.

**Facts**

14. At 3:12 a.m. on December 30, 2019, a Wichita, Kansas Police Department officer initiated a vehicle stop of a gray Volkswagen sedan. The officer attempted to pull the car over for having a license plate that belonged on a Chevy pickup truck.

15. The driver of the Volkswagen did not immediately pull her car over for the Wichita Police Department Officer.

16. The Wichita Police Department elected not to chase this unknown driver for a minor traffic infraction of having an incorrect license plate.

17. Several minutes later, however, at approximately 3:24 a.m., a Sedgwick County Sherriff's Office deputy began to chase the unknown driver despite knowing that the Wichita Police Department had elected not to chase the vehicle for the minor traffic infraction.

18. Several more Sedgwick County Deputies joined the vehicle chase.

19. The chase of the unknown driver of the Volkswagen for the traffic violation took place in far east Sedgwick County, and at times, in Butler County.

20. Meanwhile, Defendant Deputy Kaleb Dailey was on the west side of the city of Wichita when he heard about the chase over his radio.

21. Defendant Deputy Kaleb Dailey drove his patrol vehicle from west Wichita to far east Sedgwick County to join the chase to stop the unknown driver for the improper vehicle license plate.

22. In order to join the chase, Defendant Deputy Kaleb Dailey drove on Kellogg Street at speeds in excess of 130 miles per hour.  At one point, Defendant Deputy Dailey reached speeds of 142 miles per hour so he could join the chase to ticket the unknown driver of the Volkswagen that was displaying the incorrect license plate.

23. Defendant Deputy Kaleb Dailey was so determined to get to east Sedgwick County to be part of the chase regarding the incorrect license plate that he drove through at least one stop sign at a speed in excess of 100 miles per hour.

24. Defendant Deputy Kaleb Dailey drove through the construction zone at Kellogg Street and Webb Road at approximately 130 miles per hour.

25. During the chase of the unknown driver, at least one Sedgwick County Sheriff's Deputy crashed his patrol car into a stop sign.

26. Members of the Sedgwick County Sheriff's Office used stop sticks to deflate two of the unknown driver's tires.

27. When the unknown driver turned onto Webb Road from Pawnee Street, her front right tire came off the wheel. From that point, the car was driven on the rim without a tire.

28. Without a tire, the unknown driver could only operate the car briefly and only at very low speeds of approximately 5 to 15 miles per hour.

29. Defendant Deputy Dailey purposefully crashed his patrol car into the Volkswagen and pushed the Volkswagen off of the road and into the grass near Mount Vernon Street and Webb Road.

30. Defendant Deputy Dailey and other members of the Sedgwick County Sheriff's Office used their patrol cars to surround and block the unknown driver of the Volkswagen.

31. Defendant Deputy Dailey got out of his patrol car, which was parked on the passenger side of the Volkswagen, and took a position of safety on the passenger side of his patrol car. Within a minute, Deputy Dailey fired multiple rounds into the passenger side of the Volkswagen.

32. The unknown driver of the Volkswagen was unarmed.

33. At no time did any member of the Sedgwick County Sheriff's Office observe the unknown driver in possession of a weapon.

34. At no time did any member of the Sedgwick County Sheriff's Office report to other officers, including Defendant Deputy Dailey, that the unknown driver was armed.

35. Defendant Deputy Dailey shot the unarmed and unknown driver multiple times. One bullet entered the unknown driver's right ear and severed her spinal cord, killing her. Another bullet entered her right thigh and lodged in her lower abdomen. A third bullet grazed her anterior chest.

36. The unknown driver, unarmed behind the wheel of her disabled and blocked vehicle, presented no imminent danger to Defendant Deputy Dailey or anyone else when he shot her multiple times.

37. Defendant's pursuit of Debra Arbuckle occurred at around 3:30 in the morning, a time when the streets are relatively empty and any perceived threat posed by Ms. Arbuckle to other motorists was relatively low.

38. No other officer on the scene fired his or her weapon.

39. After Defendant Deputy Dailey shot and killed the unarmed and unknown driver, Sedgwick County Sheriff's Office identified her as Debra Arbuckle.

40. In investigating the shooting and homicide of Debra Arbuckle, members of the Sedgwick County Sheriff's Office confirmed she was unarmed.

41. Defendant Deputy Dailey is currently under investigation for the homicide of Debra Arbuckle.

42. Sedgwick County District Attorney Marc Bennett is continuing to review the evidence from the December 30, 2019 homicide of Debra Arbuckle and has not determined whether to pursue criminal charges against Defendant Deputy Dailey.

43. At the time Defendant Deputy Dailey chased, crashed into, shot and killed Debra Arbuckle, he had no reason to believe she was armed.

44. At the time Defendant Deputy Dailey chased, crashed into, shot, and killed Debra Arbuckle, he knew the only purpose for pursuing her was that the license plate on her Volkswagen belonged on a Chevy pickup.

45. After shooting and killing Debra Arbuckle, one of the deputies reported "all I have is tag not assigned."

46. Plaintiff found it necessary to engage legal counsel to vindicate Ms. Arbuckle's Constitutional rights in this matter.

## Count I – Fourth and Fourteenth Amendments (42 U.S.C. § 1983)

47. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48. Defendant Deputy Dailey, acting under color of state law, personally shot and killed Debra Arbuckle under circumstances where no reasonable officer would have done so.

49. Defendant Deputy Dailey used force that he knew was nearly certain to kill Debra Arbuckle. Such use of force was not objectively reasonable because neither he nor anyone else could claim any objective fear of imminent bodily harm by Debra Arbuckle at the time of the shooting.

50. Defendant Deputy Dailey's own reckless and deliberate conduct contributed to his decision to use deadly force against Debra Arbuckle.

51. Defendant's conduct under color of state law violated Debra Arbuckle's right as provided under the Fourth Amendment to the U.S. Constitution, made applicable to the States by the Fourteenth Amendment, to be free from unreasonable search and seizure, including the right to be free from the use of excessive, arbitrary, and unreasonable deadly force against her.

52. Defendant's conduct under color of state law violated Debra Arbuckle's right as provided under the Fourteenth Amendment to not be deprived of life or liberty without due process of law.

53. At the time of the complained-of conduct, it was clearly established under controlling case law that deadly force is not to be used in the same or similar circumstances.

54. Defendant's conduct was with reckless or callous indifference to Debra Arbuckle's federally-protected rights.

55. As a result of Defendants' conduct under color of state law, Debra Arbuckle suffered immense, conscious pain and suffering when she was shot by Defendant Deputy Dailey.

WHEREFORE, Plaintiff Alek A. Hansen, as Administrator of the Estate of Debra Arbuckle, prays for relief as set forth herein.

## Prayer for Relief

Plaintiff prays for relief against Defendant as follows:

1. For general and non-economic damages in a sum to be determined at trial;
2. For special damages in a sum to be determined at trial;
3. For reasonable funeral and burial expenses;
4. For punitive and exemplary damages in amounts to be determined at trial;
5. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;
6. For costs and interest as allowed by law;
7. And for such other relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands trial by jury on all claims so triable.

## Designation of Place of Trial

Pursuant to Local Rule 40.2, Plaintiff designates Kansas City as the place of trial.


Respectfully submitted:


*/s/ Michael J. Kuckelman*
Michael J. Kuckelman		KS #14587
Michael T. Crabb		KS #24395
Jennifer Salva			KS #28244
Kuckelman Torline Kirkland, LLC
10740 Nall Ave., Suite 250
Overland Park, KS 66211
913-948-8610 (phone)	913-948-8611 (fax)
mkuckelman@ktk-law.com
mcrabb@ktk-law.com
jsalva@ktk-law.com

***Attorneys for Plaintiff***